
# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| HALEY NICOLE RHODES, a minor, and BRANDON MATTHEW RHODES, a minor, by and through their parents, WANDA MARIE RHODES and BUSTER LEE RHODES; WANDA MARIE RHODES and BUSTER LEE RHODES, Individually, <br><br> Plaintiffs, <br><br> VS. <br><br> SUSAN WALLACE, Individually; HENDERSON COUNTY BOARD OF EDUCATION, <br><br> Defendants. | No. 1:05-1020-T-An |

## ORDER DENYING DEFENDANT SUSAN WALLACE'S MOTION FOR PROTECTIVE ORDER

Defendant Susan Wallace ("Wallace") moves this court for a protective order prohibiting Plaintiffs from submitting any written discovery to Wallace and from taking her oral deposition. Wallace argues that the Fifth Amendment to the United States Constitution entitles her to such protection. Plaintiffs oppose and have responded to Wallace's motion. For the following reasons, Wallace's Motion for a Protective Order is DENIED.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 9-9-05



I.

Plaintiffs sued Defendants Susan Wallace and the Henderson County, Tennessee Board of Education (the "Board") in a Tennessee state court alleging, among other things, that Wallace had violated the constitutional rights of Plaintiff Haley Nicole Rhodes. Subsequently, the Board removed Plaintiffs' case to this court because it involved a federal question.[1] On February 18, 2005, Wallace moved to stay these civil proceedings pending the outcome of a criminal inquiry involving her alleged actions.

Wallace argued that the civil action should be stayed to accommodate her Fifth Amendment right against self-incrimination and also because she was suffering from physical and mental difficulties and had recently committed suicide. The court rejected her Fifth Amendment argument, (see Order of April 5, 2005), noting that "[a] stay is not normally appropriate [before] an indictment has . . . been returned," and concluding that a balancing of the relevant interests weighed in favor of allowing the civil Plaintiffs to proceed, (see id.). The court instead granted a temporary stay based on the health-related concerns raised in Wallace's motion and supported by a physician's opinion. Id.

The one-hundred and twenty (120) day period subject to the court's previous order has now expired. However, during that period, the grand jury of Henderson County, Tennessee, returned a twenty-eight (28) count indictment against Wallace in which she is charged with various counts of child abuse and assault. Pursuant to Rule 26(c) of the

---

[1] See 28 U.S.C. §§ 1331 (original jurisdiction), 1441 (removal jurisdiction), 1367 (supplemental jurisdiction).

2

Federal Rules of Civil Procedure, Wallace accordingly moved for "a Protective Order staying all civil discovery from Defendant Wallace until the conclusion of the criminal matter." (Def.'s Mot. for Protective Order at 7). Wallace's latest motion relies entirely on her privilege against self-incrimination. (See id.).

II.

The Fifth Amendment states, among other things, that "[n]o person shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. Although the text of the amendment suggests that a violation of the Fifth Amendment does not occur unless the government actually uses involuntary statements against a criminal defendant in a criminal trial, see Chavez v. Martinez, 538 U.S. 760, 766–74 (2003) (plurality opinion), it is clear that a person does not have to wait until the last minute to invoke the privilege against compulsory self-incrimination. E.g. Maness v. Meyers, 419 U.S. 449, 464 (1979) (civil proceedings) Michigan v. Mosley, 423 U.S. 96, 100 (1975) (custodial interrogations); Lefkowitz v. Turley, 414 U.S. 70, 77–78 (1973) (grand jury proceedings); Quinn v. United States, 349 U.S. 155, 161–65 (1955) (Congressional hearings). For example, a civil litigant may refuse to answer written or oral questions asked by his civil adversary if the litigant has "reasonable cause to apprehend a real danger of incrimination" in subsequent federal or state criminal proceedings." In Re Morganroth, 718 F.2d 161, 167 (6th Cir. 1983) (citing Hoffman v. United States, 341 U.S. 479, 486 (1951); see also Kastigar

3

v. United States, 406 U.S. 441, 444–45 (1972) ("It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory . . . and it protects against disclosures the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.").

Although these cases recognize that allowing broader invocations of the privilege may be necessary to preserve the "core" of Fifth Amendment protection, see United States v. Patane, 124 S.Ct. 2620, 2626–28 (2004) (plurality opinion) (describing the "core" as "compelling a criminal defendant to testify against himself at trial"), it is also well-settled that the privilege against self-incrimination is not absolute. See, e.g. Brennan v. Comm'r of Internal Revenue, 752 F.2d 187, 189 (6th Cir. 1984) (internal citations omitted). Thus, to validly assert the privilege in a non-criminal setting, the witness must not only demonstrate a reasonable fear of future incrimination, but he must do so on a question-by-question basis. "A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions." Morganroth, 718 F.2d at 167. "The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify." Id. (internal citations omitted); see also United States v. Medina, 992 F.2d 573, 586 (6th Cir. 1993) (internal citation omitted).

Here, the court has already considered and rejected Wallace's argument that the privilege against self-incrimination grants her a blanket right to refuse to comply with

Plaintiffs' discovery requests. (See Order of April 5, 2005). The only factor that has changed since that order was entered is the fact that the criminal prosecution against Wallace has now formally begun. As Wallace points out, the court's previous order mentioned that, "the case for staying civil proceedings is strongest when the defendant is under indictment." (See id.) (citing a decision of the Ninth Circuit). Wallace takes this statement out of context.

The above quote is of a decision in which truly *"parallel"* proceedings had been commenced against the criminal defendant. The *government* was both the civil plaintiff and the criminal prosecutor. Both the civil and the criminal liability arose out of federal securities laws. See Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1374–76 (D.C. Cir. 1980), cert. denied, 449 U.S. 993 (1980). In fact, all of the cases relied upon by Wallace involve such actual "parallel" proceedings, in which the prosecuting party in both the criminal case and the administrative/civil matter was a government, government agency, or other quasi-governmental entity. See id. (simultaneous litigation commenced by federal government in both civil and criminal courts); United States v. Certain Real Property, 55 F.3d 78, 80 (2d Cir. 1995) (criminal prosecution/civil forfeiture proceedings); Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989) (civil action by federal corporation against deviant director followed by federal prosecution of same director). Moreover, even in those cases, and even when the privilege was invoked post-indictment, the courts refused to allow a blanket Fifth Amendment right to delay civil discovery. See Molinaro, 889 F.2d at 903–04; Dresser, 628 F.2d at 1377.

These cases stand for the proposition that a court will not completely stay or limit *even* a government plaintiff's discovery rights in a parallel civil or administrative proceeding absent a showing of substantial prejudice to the party invoking the Fifth Amendment. The cases demonstrate the courts' reluctance to expand the remedy too far beyond the right even in cases where the concerns of the "core" of the Fifth Amendment might seem closer to home. The fact that those concerns are "weaker" before parallel proceedings actually become parallel has nothing to do with a case, such as this one, where there are no "parallel" proceedings. The plaintiffs here are entirely private citizens seeking to prove their case in a civil proceeding. The State of Tennessee is seeking to enforce its criminal laws. The fact that an indictment has returned does not change the court's previous reasoning, and it certainly does not make this case "parallel" to the state criminal prosecution.

In sum, this court fails to understand how the indictment here changes the analysis. Even in the post-indictment cases cited by Wallace, the privilege against self-incrimination did not warrant the type of broad relief requested. Those cases, moreover, involved "truly" parallel proceedings raising "core" Fifth Amendment concerns. If anything, then, those cases make Wallace's position even more difficult.

Finally, Wallace's main contention is that this court might allow a jury to draw a negative inference against her based on her invocation of the privilege in response to any of Plaintiffs' discovery. What Wallace's argument misapprehends, and what the entire motion appears to misapprehend, is that the privilege against self-incrimination simply does

6

not protect a person from each and every negative consequence or "penalty" that results from invoking the privilege. In other words, if Wallace invokes the Fifth and a negative inference is made by the jury in this civil case, that is simply a consequence of exercising the privilege and not a violation of the Constitution.

III.

Defendant Susan Wallace's Motion for a Protective Order is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8 September 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 1:05-CV-01020 was distributed by fax, mail, or direct printing on September 9, 2005 to the parties listed.

---

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

James Brandon McWherter
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

R. Dale Thomas
RAINEY KIZER  REVIERE & BELL
209 East Main Street
Jackson, TN 38302--114

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Honorable James Todd
US DISTRICT COURT